PRICE, Judge.
In this action plaintiffs seek a declaratory judgment interpreting the intent and meaning of a contract of lease to determine the responsibility for payment of a paving lien.
Plaintiffs, Saul A. Mintz, Clifford M. Strauss and James R. Greenbaum, purchased an option to lease certain real estate in the City of Monroe from defendants, Lady Bird Breard and Herbert J. Breard, Jr., on February 2, 1967. A draft of the provisions of the lease contract agreed to by the parties was attached to the option contract. The lease exhibit provided lessors should pay all taxes and assessments against the land and lessee pay those against the buildings and improvements.
At expiration of the option period on February 2, 1968, an addendum was executed for an additional consideration extending the option for another year. This period expired without the option being exercised, and on January 29, 1969, a second addendum agreement was entered into granting an additional option period of one year. This addendum modified the original lease draft by obligating the lessees to pay all taxes and assessments against both the land and the buildings and improvements.
On May 6, 1969, the City of Monroe initiated proceedings to widen and resurface Hudson Lane, abutting the property covered by the lease agreement, and on February 11, 1970, after completion of construction, recorded an ordinance assessing a portion of the cost of the work to the abutting property owners. On February 2, 1970, plaintiffs exercised their option to lease the subject premises and at this point a dispute developed over the responsibility for payment of the paving assessment.
On April 2, 1970, the contract of lease was executed subject to an agreement that reserved the right to either party to seek judicial determination of the obligation to pay the paving lien. The provisions of the lease contract pertinent to this litigation are Articles (2) and (5) of the lease agreement, which provide as follows:
“(2) LESSOR warrants LESSEE in the peaceable possession of the leased premises and likewise warrants the title thereto; and to the extent permitted by law, does hereby subrogate LESSEE to all rights and action in warranty which LESSOR as owner of the leased premises has or may have against any or all former owners and vendors thereof. LESSOR especially warrants that as of the date of the execution of this lease, said leased premises are free of all liens, encumbrances, and title restrictions.
“(5) LESSEE shall pay all taxes and assessments against the land. The foregoing is applicable until or unless said property is sold. LESSORS agree to use their best efforts to maintain the as *108 sessed value of the property at its present assessment. LESSEE shall pay all taxes and assessments against the buildings and improvements upon the leased premises.”
In their petition, plaintiffs alleged that the obligation to pay the paving assessment in question belongs to the lessors because of the warranty contained in Article (2) which provides lessor especially warrants “that as of the date of the execution of this lease, said leased premises are free of all liens, encumbrances and title restrictions.”
Defendants, in answer, contend that by the provisions of Article (5) of the lease contract lessees have obligated themselves to pay all taxes and assessments against the land whether in existence at the time of execution of the agreement or created subsequent thereto.
The trial judge rendered judgment in favor of plaintiffs and found the responsibility for payment of the assessments to be that of the lessors. In his written reasons for judgment he did not ground his decision on the warranty contained in Article (2) of the lease agreement, but found, based solely on his interpretation of Article (5), that the parties never intended for the lessee to assume the obligation of paying for any special assessments but only taxes against the land and improvements. The court reasoned that because the term “taxes and assessments” was used twice in the same paragraph — once when referring to land, and a second time in referring to buildings and improvements on which there are no special assessments — the parties must necessarily have intended its use to refer to assessments of taxes only and not to special assessments such as paving liens.
We concur in the ruling of the trial judge that the obligation to pay the presently existing paving lien should fall on the lessors. However, we arrive at this conclusion for different reasons.
Plaintiffs brought this action for a declaratory judgment to resolve the controversy over the responsibility for the payment of this one particular lien in existence prior to execution of the lease. We, therefore, deem it appropriate to limit our opinion to a determination of this controversy as initially requested by plaintiff.
Even assuming for purposes of argument that the intent of Article (5) is to include paving liens, we are of the opinion that the warranty clause of Article (2) of the written lease places the responsibility for payment of the present paving lien on the lessors.
Defendants argue that by the use of the word “all” in Article (5), it should be concluded that the parties intended for the lessee to be responsible for taxes and assessments unpaid and in being prior to the execution of the lease, as well as for taxes and assessments arising after its execution, and the provisions of Article (2) have no effect on this interpretation as the warranty of lessors contained in Article (5) insofar as liens are concerned is simply to create a guarantee that lessors will pay the lien should the lessees tender the amount of same to lessors rather than paying it directly to the collecting authority.
We do not agree with either of these positions. The language of the last sentence in Article (2) is clear and free of ambiguity. It simply warrants that as of the date of execution of the lease the property is free of “all liens . . .” La. Civ.Code Article 2702 provides that unless it is stipulated to the contrary, all real charges against the thing leased are to be paid by the lessor. A paving assessment is a lien against the property and falls within the purview of this codal article, and unless it is clearly provided otherwise in the lease agreement, the lien should be paid by lessors. We construe the warranty of Article (2) of the agreement to cast this obligation upon the lessors.
*109 This interpretation does not render meaningless the provisions of Article (5) since the obligations undertaken by the lessee under this article become operative only after execution of the lease agreement. Such an interpretation gives meaning to both articles.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s costs.